### In re LARKIN.

#### (District Court, N. D. New York. March 8, 1909.)

1. Fraudulent Conveyances (§ 298*)—Intent to Delay or Defraud Creditors—Evidence.

   Where a debtor transfers or conveys his property to one or more of his creditors, all the surrounding circumstances and conditions are to be considered in determining whether or not it was done with intent to hinder, delay, or defraud his other creditors, and such an intent may be inferred from the acts done and surrounding circumstances, notwithstanding his denial.

   [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 892–895; Dec. Dig. § 298.*]

2. Bankruptcy (§ 57*)—"Act of Bankruptcy"—Fraudulent Conveyances.

   A conveyance or transfer of property by a debtor with intent to hinder, delay, or defraud his creditors, or any of them, constitutes an "act of bankruptcy," under Bankr. Act July 1, 1898, c. 541, § 3a (1), 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), although he may have been solvent when the conveyance or transfer was made.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 71, 73; Dec. Dig. § 57.*

   For other definitions, see Words and Phrases, vol. 1, p. 118; vol. 8, p. 7562.]

In Bankruptcy. Application by petitioning creditors to confirm report of special master and for an adjudication in bankruptcy, and motion on the part of the administrators of the alleged bankrupt, on exceptions filed, to set aside the report, refuse adjudication, and dismiss the petition.

Brown, Carlisle & McCartin, for petitioning creditors.
Purcell & Purcell, for administrators.

RAY, District Judge. This is an involuntary petition by three creditors, praying that Michael B. Larkin be adjudged a bankrupt. An answer was filed, denying the acts of bankruptcy charged, and also denying insolvency at the time the petition was filed. After the matter had been referred, and evidence taken on the issues raised, the alleged bankrupt died, and administrators were appointed. Thereupon an order was made, reviving and continuing the proceeding, and bringing in the administrators, etc. Thereafter the master made a report, and on motion to confirm, and also on motion to set aside, the court sent the matter back for further evidence and a further report. Further

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evidence was thereupon taken, and a new or supplemental report made.

The special master has found, and this court concurs in the finding, that within four months preceding the filing of the petition the alleged bankrupt, Larkin, conveyed and transferred the greater part of his property without a present consideration to two of his then existing creditors and to secure pre-existing debts, with the intent to hinder, delay, and defraud his other creditors. The evidence is sufficient to sustain the finding, even though based to quite an extent upon the testimony of the alleged bankrupt himself, who vehemently denied that he conveyed and transferred the property referred to with intent to hinder, delay, or defraud, while conceding that he made the transfer and conveyance claimed. Where a person in debt transfers or conveys his property, all the surrounding circumstances and conditions under which it is done are to be considered in determining whether or not it was done with intent to hinder, delay, or defraud his other creditors. The intent may be inferred from the acts done and the circumstances surrounding the transactions.

Section 3 of an act to establish a uniform system of bankruptcy throughout the United States, approved July 1, 1898 (30 Stat. 546, c. 541 [U. S. Comp. St. 1901, p. 3422]), and amended February 5, 1903, provides that:

"(a) Acts of bankruptcy by a person shall consist of his having (1) conveyed, transferred, concealed, or removed, or permitted to be concealed or removed any part of his property with intent to hinder, delay, or defraud his creditors, or any of them."

The section then defines other acts of bankruptcy as:

"(2) Transferred while insolvent any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors," etc.

Some acts of bankruptcy must be committed while the person is insolvent. The first act of bankruptcy defined may be committed by the person charged when perfectly solvent. If a solvent person conveys or transfers, conceals or removes, or permits to be concealed or removed, any part of his property with the intent to hinder, delay, or defraud his creditors, or any of them, he commits an act of bankruptcy; and if within the ensuing four months he becomes insolvent, and a petition is thereupon filed against him, such petition may allege such acts as the act of bankruptcy, and the person may be adjudicated a bankrupt accordingly. Subdivision "b" of section 3 provides:

"A petition may be filed against a person who is insolvent and who has committed an act of bankruptcy within four months after the commission of such act."

The wisdom of this provision is perfectly apparent. The first act of bankruptcy, so far as it relates to the conveyance or transfer of property, differs from the second act of bankruptcy in this: That in the first there is a conveyance or transfer with intent to hinder, delay, or defraud creditors, while in the second the transfer is made with the intent simply to prefer one creditor or more over the other creditors.

In the second case the transfer must have been made while the person making it was insolvent. The very tendency of the acts mentioned in the first act of bankruptcy is to create insolvency so far as creditors are concerned. The person is not to be permitted to convey, transfer, conceal or remove any part of his property with intent to hinder, delay, or defraud his creditors, and on becoming insolvent within four months thereafter to escape the bankruptcy law by showing that he was solvent when he so conveyed, transferred, concealed, or removed his property. In speaking of this act of bankruptcy, Loveland on Bankruptcy (3d Ed.) p. 192, says:

"Insolvency at the time of the conveyance, transfer, etc., is not essential to constitute an act of bankruptcy under this clause."

This is in effect held in West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098.

I fully concur in the finding of the special master that the evidence shows that Larkin was insolvent at the time the petition was filed. The evidence of the bankrupt given on the first hearing was to the contrary; but it is very evident that his testimony was not correct, to put it mildly.

The proceeding did not fall with the death of Larkin. The bankruptcy court had taken jurisdiction of the person of Larkin and of the whole subject-matter prior to his death, and this court had power, under subdivision 6 of section 2 to "bring in and substitute additional persons or parties," and section 8 expressly provides that:

"The death or insanity of a bankrupt shall not abate the proceeding, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or became insane; provided that in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence."

The word "bankrupt," in this section, refers to the person against whom a petition has been filed, as well as to one who has already been adjudicated a bankrupt.

The adjudication that Larkin was a bankrupt will not bind or conclude the person or persons to whom he conveyed property on the question of fraudulent intent. The trustee, when appointed, will be compelled, if the property is not surrendered, to institute and prosecute proceedings to recover the property and set aside or declare null and void the alleged illegal transfers or conveyances, which, under the provisions of the act, include mortgages.

The report of the special master is confirmed, and there will be an order of adjudication accordingly.