## SANCHEZ ET AL., Plff.,

*v.*

## MARIA GESTERA DE UBARRI, Dft.

---

San Juan, Bankruptcy, No. 111.

FRAUDULENT CONVEYANCES.

Bankruptcy—Jurisdiction.
    1. The fact that creditors could collect their claims at law with-

Sanchez v. Gestera de Ubarri.

out resorting to bankruptcy proceedings is not an obstacle to a suit in bankruptcy if the elements prescribed by the Bankruptcy Act exist.

Bankruptcy—Act of Bankruptcy—Fraudulent Conveyance.

2. To show a transfer with intent to hinder, delay, or defraud creditors as constituting an act of bankruptcy, it is essential to prove, first, the transfer, and second, the intent to defraud creditors.

Bankruptcy—Fraudulent Conveyance—Intent.

3. While the fraudulent intent must be alleged and proven, it may be inferred from the transfer itself as a necessary consequence; the intent is to be gathered from all the circumstances of the case.

Bankruptcy—Fraudulent Conveyance—Insolvency.

4. A necessary element of this act of bankruptcy is the insolvency of debtor at the time of filing the petition; solvency at time of conveyance complained of is immaterial; burden is on debtor to prove his solvency by evidence.

Opinion filed April 14, 1915.

_____

*Mr. Harry A. Besosa* for petitioners.

*Mr. Frank Antonsanti* for defendant.

HAMILTON, Judge, delivered the following opinion:

The petition signed by three creditors holding the requisite amount of debts alleges that the defendant committed an act of bankruptcy in that she did convey and transfer all of her known property beyond the reach of her creditors with the intent to hinder, delay, or defraud them, on the 16th of January, 1914, to wit: certain ten pieces of property, and afterwards on the 20th, 21st, 22d, and 28th of January and on the 7th of February, certain other pieces, aggregating in all about

Sanchez v. Gestera de Ubarri.

$100,000 in value. That the above-mentioned property constituted her only assets within the reach of her creditors, and all was conveyed and transferred within less than one month, knowing that many of her debts were due, all with the intent to hinder, delay, or defraud her creditors within § 3 of the Bankruptcy Act, and thus committing the first act of bankruptcy therein described. The answer admits the conveyances, but claims that all were *bona fide* sales for good and valuable consideration, the purchase price being applied to the payment of her just debts and necessities, and denies that she ever intended or committed any fraud whatever on her creditors. That this proceeding was not instituted in good faith, but for a sinister and oppressive purpose. That petitioners have an adequate remedy under the laws of the United States and Porto Rico without the necessity of instituting bankruptcy proceedings. Defendant further denies that she is insolvent or ever was insolvent.

After delays, due in part to the absence of the defendant, the case was tried April 13, 1916, a jury being waived, on oral and documentary evidence submitted before the court.

On the trial a motion was made in the nature of a demurrer that the petition shows no cause of action. Its decision was adjourned until the merits were heard.

1. The defendant earnestly urged that, admitting the facts and even the inferences of the petition, the proceedings should be a bill in equity by the respective petitioners to set aside the conveyances alleged to be fraudulent, inasmuch as this would fix a lien upon the properties which might be named in the respective bills and satisfy their claims. By doing this, it is argued, the necessity for general bankruptcy proceedings

Sanchez v. Gestera de Ubarri.

would be avoided and the tying up of $100,000 worth of property, which is far in excess of what is needed for the petitioning creditors. A fair construction of the petition, however, shows that there are other debts than those of the petitioners, and the evidence submitted proves that fact. The defendant having answered and gone to trial upon the merits, it is too late to interpose a demurrer. Apart from this, however, the fact that creditors could collect their claims at law is not an obstacle to a suit in bankruptcy if the elements described by the Bankruptcy Act exist. These, therefore, will be considered.

2. This proceeding is brought under § 3 of the Bankruptcy Act [30 Stat. at L. 546, chap. 541, Comp. Stat. 1913, § 9587], and in particular under subdivision a (1). This provides that "acts of bankruptcy by a person shall consist of his having (1) conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, any part of his property with intent to hinder, delay, or defraud his creditors." In other words, what is known as the first act of bankruptcy is alleged. The prohibition of a transfer "with intent to hinder, delay, or defraud creditors" has been in the law since the statute of Elizabeth, and there is no doubt the words should have the same construction in the Bankruptcy Act that they have had for so long a time at common law. Lansing Boiler & Engine Works v. Ryerson, 63 C. C. A. 253, 128 Fed. 701. The important elements are (1) the disposition of the bankrupt's property, and (2) the intent to defraud creditors. Collier, Bankr. 10th ed. p. 78. In this case the conveyances themselves are admitted.

3. A disputed point is the intent. The fraudulent intent

Sanchez v. Gestera de Ubarri.

must be shown in order to constitute an act of bankruptcy. Re Cowles, Fed. Cas. No. 3,297. The intent must be alleged and proved. At the same time, it is of course axiomatic that the intent can rarely be established by direct proof, and great latitude must be allowed in the admission of evidence in order to determine whether the transfer was fraudulent. Re Luber, 152 Fed. 492. The intent may be inferred from the act itself as a necessary consequence. If a debtor in failing circumstances places his property beyond the reach of his creditors, this may be considered in determining whether he did so in good faith. Bean-Chamberlain Mfg. Co. v. Standard Spoke & Nipple Co. 65 C. C. A. 201, 131 Fed. 215, 218. Changing the form of property so as to make his assets less accessible to his creditors may be evidence of an intent to hinder and delay them, if not actually to defraud them. It is true that in the case at bar the answer professes that the sale was for the purpose of paying debts, but the fact remains that the sale was two years ago and the claims in suit and others have not yet been paid. A person's intent must be inferred from his acts, and may be inferred from his not doing what he ought as well as from his doing something that he ought not. It is true there is nothing in the Bankruptcy Act which prevents a man from disposing of his property if his dealings are conducted without any purpose of injuring his creditors. Nevertheless, the intent is to be gathered from all the circumstances of the case. Re Larkin, 168 Fed. 100. In the absence of proof the presumption is against fraud (Davis v. Stevens, 104 Fed. 235, 239), and the burden of proving the intent is upon the one who asserts it. In the case at bar, however, it seems to the court that the proof of wrongful intent has been made out.

Sanchez v. Gestera de Ubarri.

4. Another necessary element under the first act of bankruptcy is proof of insolvency. The insolvency in question is that at the time of the filing of the petition, not at the time of conveying the property. It might very well be that a person is solvent at the time he makes a fraudulent conveyance, but ceases to be so immediately. Collier, Bankr. 10th ed. 84. The burden, however, is upon the alleged bankrupt to show his solvency at the time of the petition. If so shown, it is a complete defense. Re Schenkein, 113 Fed. 421. In the case at bar the defendant seems to claim that she was and is solvent, but this must be shown by proof. The natural inference from the facts shown is that she was insolvent at the time of filing the petition. It is proved that she owed certain debts, that constant demand was made by the creditors, and that she either refused to pay or appeared unable to pay, and never has paid them up to the present. The court is satisfied that the matter of insolvency has been made out.

It follows, therefore, that the petition for adjudication in bankruptcy and reference must be granted.

It is so ordered.